UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

- against -

LEONID ARONOV,

                        Defendant.
-----------------------------------------------------------x

Notice of Motion
08 Cr. 374 (RJD)

       PLEASE TAKE NOTICE that, upon the affirmation of Michael Macklowitz, Esq. and the accompanying and Memorandum of Law, LEONID ARONOV will move this Court, before the Honorable Raymond J. Dearie, at the courthouse at 225 Cadman Plaza East, Brooklyn, New York, at a date and time to be set by the Court, for an order dismissing the complaint in the referenced action and terminating any conditions imposed in connection with Aronov's release on bail.

Dated: November 27, 2013
       New York, New York

                                            s/MICHAEL MACKLOWITZ
                                            299 Broadway, Suite 1405
                                            New York, New York 10007
                                            (212) 227-6655

                                            *Attorney for Leonid Aronov*

To:    AUSA Patricia Notopoulos
          United States Attorney's Office
          Eastern District of New York
          271 Cadman Plaza East
          Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          **Affirmation**

    - against -                                      08 Cr. 374 (RJD)

LEONID ARONOV,
                        **Defendant.**
-------------------------------------------------------x

         Michael Macklowitz, under penalty of perjury, hereby affirms as follows:

         1.      I am an attorney licensed to practice in the state of New York and admitted to practice in this Court.

         2.      I submit this affirmation in support of Leonid Aronov's motion to dismiss the complaint filed against him and to terminate any restrictions imposed in connection with his release on bail.

         3.      I submit this motion to assist Aronov's counsel of record, Gino Singer, Esq., who, unfortunately, in 2010, suffered a stroke that substantially incapacitated him and caused him to retire from the practice of law. As a longtime colleague and friend of Mr. Singer, I have undertaken the task of assisting Mr. Singer in closing his open cases.

         4.      In the course of my review of Mr. Singer's files, this matter came to my attention and I have since consulted with Mr. Singer and Mr. Aronov regarding the relevant facts and circumstances.

         5.      In short, as set forth in the accompanying memorandum of law, the motion is based upon the fact that the time within which to file an indictment or information has expired under both the statute of limitations and the Speedy Trial provisions of the law.

         6.      Accordingly, we respectfully request that the Court grant the requested relief and any other relief the Court deems just and proper.

Dated: November 27, 2013
      New York, New York

                                              s/MICHAEL MACKLOWITZ
                                              299 Broadway, Suite 1405
                                              New York, New York 10007
                                              (212) 227-6655

                                              *Attorneys for Leonid Aronov*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

- against -

LEONID ARONOV,

                        **Defendant.**
-------------------------------------------------------x

Memorandum of Law
08 Cr. 374 (RJD)

## Statement of Facts

Leonid Aronov respectfully requests that the Court dismiss the complaint filed in the captioned action with prejudice and terminate the bail restrictions imposed upon him. The basis for the requested relief is that the time within which to file an indictment or information has expired under both the provisions of the law governing his right to a speedy trial and the applicable statute of limitations.

On February 13, 2008, a complaint was filed alleging that, between November 8, 2007 and November 13, 2007, Aronov possessed goods—namely, camera equipment—that had been stolen from John F. Kennedy International Airport in violation of 18 U.S.C. § 659. Complaint at 1-2.

On February 14, 2008, Aronov was arrested and arraigned, bail conditions were set, and a preliminary hearing was scheduled for February 28, 2008. Docket Report at 2. Thereafter, on February 21, 2008, Aronov waived a preliminary hearing and was released on bail. *Id.*

On March 6, 2008, the Court entered an order excluding the time from March 6, 2008 until April 11, 2008 for purposes of computing the time within which an indictment or information must be filed. Docket Report at 2. On April 10, 2008, the Court entered a second

order excluding time until May 11, 2008, and, thereafter, on May 2, 2008, the parties appeared and the Court issued a third order excluding time until June 4, 2008. Docket Report at 2-3.

Subsequently, on June 3, 2008, pursuant to Fed. R. Crim. P. 7(b), the government filed a notice of intent to proceed by information. Docket Report at 3. The government, however, never filed an information. Rather, on February 2, 2011, the government filed a motion to dismiss the Rule 7(b) notice, which the Court granted on February 3, 2011. Docket Report at 3. Nearly two years have since elapsed and nothing further has transpired with respect to the case.

## ARGUMENT

The complaint against Leonid Aronov should be dismissed with prejudice and the bail restrictions imposed upon him should be terminated because the time within which to file an indictment or information has expired.

Pursuant to 18 U.S.C. § 3282, the government has five years from the date of an offense to file an indictment or information. 18 U.S.C. § 3282. Moreover, absent "a deliberate and intentional waiver of the statute of limitations," *United States v. Sindona*, 473 F. Supp. 764, 766 (S.D.N.Y. 1979), a statute of limitations may not be extended "'except as otherwise expressly provided by law.'" *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quoting 18 U.S.C. § 3282)); *see also United States v. Coniam*, 581 F. Supp. 348, 350 (D. Conn. 1984) (holding that "Rule 45(a), Fed. R. Crim. P., cannot have the effect of extending the limitation period of 18 U.S.C. § 3282").

When a defendant is arrested on a complaint, the government has 30 days from the date of arrest to file an indictment or information. 18 U.S.C. § 3161(b). If the government fails to file an indictment or information within 30 days of arrest, the complaint must be dismissed:

> **If**, in the case of any individual against whom a complaint is filed charging such individual with an offense, **no indictment or information is filed** within the time

limit required by section 3161(b) as extended by section 3161(h) of this chapter, **such charge against that individual contained in such complaint shall be dismissed or otherwise dropped**. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of the reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162.

In the instant case, the alleged offense was complete in or about November 13, 2007. Complaint at 1. Thus, because Aronov never waived the statute of limitations, as of November 13, 2012, the time within which to file an indictment expired. Accordingly, Aronov can no longer be prosecuted for the offense alleged in the complaint and the complaint must, therefore, be dismissed.

Furthermore—in addition to the fact that Aronov never waived his right to be charged within the applicable statute of limitations—his agreement to toll the speedy trial clock has long since expired. The government arrested Aronov on February 14, 2008. Docket Report at 2. The parties agreed to suspend the time within which the government was required to file an indictment or information from March 6, 2008 until June 4, 2008. Docket Report at 2-3. From February 14, 2008, when Aronov was arrested, until March 6, 2008 when the parties agreed to suspend the Speedy Trial clock, 20 days had elapsed. Accordingly, on June 4, 2008, when the last of the Court's orders excluding time expired, the government had ten days within which to file an indictment or information.

The government, however, never filed an information or indictment. Instead, nearly three years later, on February 2, 2011, the government filed a motion requesting that the Court enter an order dismissing the notice of its intent to file an information. Docket Report at 3. The Court granted the motion without prejudice on February 3, 2011. *Id.* Assuming *arguendo* that the

3

filing of the Rule 7(b) notice on June 3, 2008 stopped the Speedy Trial clock until entry of the order dismissing the notice on February 3, 2011, for Speedy Trial purposes, the time within which to file an indictment or information expired no later than February 24, 2011.

Accordingly, because it the time within which to file an indictment or information charging the offense alleged in the complaint has expired, the complaint must be dismissed with prejudice and any restrictions imposed as conditions of bail should be terminated.

Dated: November 27, 2013
      New York, New York

s/MICHAEL MACKLOWITZ
299 Broadway, Suite 1405
New York, New York 10007
(212) 227-6655

*Attorney for Leonid Aronov*